H156wilp

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          16 CR 735(NRB)

CHRISTOPHER WILLIAMS,

                 Defendant.

------------------------------x

                                        New York, N.Y.
                                        January 6, 2017
                                        3:15 p.m.


Before:

                    HON. NAOMI REICE BUCHWALD,

                                        District Judge


                        APPEARANCES
PREET BHARARA
     United States Attorney for the
     Southern District of New York
ROBERT W. ALLEN
     Assistant United States Attorney

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
CHRISTOPHER A. FLOOD
```

H156wilp

```
 1              (In open court; case called)
 2              THE COURT:  Just to be clear based on documents in
 3    front of me, Mr. Williams is going to enter a plea of guilty to
 4    Count One of the indictment today; is that correct?
 5              MR. FLOOD:  That is correct, your Honor.  The plea
 6    agreement that he agreed to at the end of last year.
 7              THE COURT:  Mr. Williams, I will ask you to stand for
 8    a moment, please.  Raise your right hand.
 9              (Defendant sworn)
10              THE COURT:  State your full name for me, please.
11              THE DEFENDANT:  Christopher Williams.
12              THE COURT:  How old are you, sir?
13              THE DEFENDANT:  34.
14              THE COURT:  Sit down, please.
15              What was the highest grade in school that you
16    completed?
17              THE DEFENDANT:  I got my GED.
18              THE COURT:  Are you now or have you recently been
19    under the care of a doctor or mental health professional?
20              THE DEFENDANT:  No, your Honor.
21              THE COURT:  Have you ever been hospitalized or treated
22    for alcoholism or narcotics addiction?
23              THE DEFENDANT:  No, your Honor.
24              THE COURT:  Are you under the influence of any drug or
25    alcohol today?
```

H156wilp

| | |
|---|---|
| 1 | THE DEFENDANT:  No, your Honor. |
| 2 | THE COURT:  How are you feeling physically today? |
| 3 | THE DEFENDANT:  I am feeling fine, your Honor. |

1    THE DEFENDANT:  No, your Honor.

2    THE COURT:  How are you feeling physically today?

3    THE DEFENDANT:  I am feeling fine, your Honor.

4    THE COURT:  Have you had sufficient time to discuss

5  the charges against you and your plea with Mr. Flood?

6    THE DEFENDANT:  Yes, I have, your Honor.

7    THE COURT:  Have you been satisfied with the advice

8  and counsel he has given to you?

9    THE DEFENDANT:  Yes, I am.

10    THE COURT:  Are you ready to enter a plea at this

11  time?

12    THE DEFENDANT:  Yes, your Honor.

13    THE COURT:  What is your plea, guilt or not guilty, to

14  Count One?

15    THE DEFENDANT:  Guilty, your Honor.

16    THE COURT:  In order to determine whether your plea is

17  voluntary and made with the full understanding of the charges

18  against you and the consequences of your plea, I will make

19  certain statements to you and ask you certain questions.  I

20  want you to understand that I need not accept your plea unless

21  I am satisfied that you are in fact guilty and that you

22  understand your rights.

23    Now, Count One charges you with possessing and using

24  forged securities in between 2013 and/or about November 2014

25  and this crime carries a maximum possible term of imprisonment

H156wilp

1    of 10 years; a maximum term of supervised release of three

2    years; and a maximum fine of the greatest of $250,000, or twice

3    the gross monetary gain derived from the offense, or twice the

4    gross monetary loss to a person, other than yourself, as a

5    result of the offense; and a 100-dollar mandatory special

6    assessment.  In addition, restitution is mandatory.

7            Do you understand that that is the charge against you

8    and the maximum penalties applicable to that charge?

9            THE DEFENDANT:  Yes, I do, your Honor.

10           THE COURT:  Do you understand that you have a right to

11   plead not guilty and a right to a trial on the charges against

12   you and in fact the right to a jury trial?

13           THE DEFENDANT:  Yes, I do, your Honor.

14           THE COURT:  At this time, Mr. Allen, I would ask you

15   to recite the elements of the crime charged.

16           MR. ALLEN:  Your Honor, the first element is that the

17   defendant made or possessed a security; second, that the

18   defendant knew that the security was counterfeit or forged;

19   third, that the counterfeit or forged security was that of a

20   state or an organization; and fourth, that the defendant did

21   this with the intent to deceive another person, organization,

22   or government.

23           THE COURT:  Mr. Williams, do you understand that if

24   you pled not guilty and went to trial that the burden would be

25   on the government to prove each and every element of the crime

H156wilp

1    charged beyond a reasonable doubt in order to convict you?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  Do you understand that at a trial, you

4    would have the right to be represented by an attorney at all

5    stages of the proceedings and if necessary an attorney would be

6    appointed for you?

7            THE DEFENDANT:  Yes, your Honor.

8            THE COURT:  Do you understand that at trial you would

9    have the right to confront and cross-examine witnesses against

10   you and the right not to be compelled to incriminate yourself?

11           THE DEFENDANT:  Yes, your Honor.

12           THE COURT:  Do you understand that at a trial you

13   would be presumed innocent until such time, if ever, the

14   government established your guilt by competent evidence to the

15   satisfaction of the trier of fact beyond a reasonable doubt?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  Do you understand that at a trial, you

18   would have the right to testify and would also be entitled to

19   compulsory process, in other words the right to call other

20   witnesses on your behalf?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  Do you understand that if your plea is

23   accepted that there will be no further trial of any kind so

24   that by pleading guilty, you are waiving your right to a trial?

25           THE DEFENDANT:  Yes, your Honor.

H156wilp

1          THE COURT:  Do you understand that if you are

2    sentenced to a period of supervised release and if you violate

3    the terms of your supervised release that an additional period

4    of jail time may be impose without credit for time you

5    previously spent on supervised release?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Do you understand that in connection with

8    your plea of guilty, that the Court may ask you certain

9    questions about the offense to which you have pled and if you

10   answer those questions under oath and on the record and in the

11   presence of your lawyer that your answers if false may later be

12   used against you in a prosecution for perjury or false

13   statement?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  Mr. Williams, what country are you a

16   citizen of?

17         THE DEFENDANT:  United States of America.

18         THE COURT:  Mr. Williams, did you sign a plea

19   agreement earlier today in this courtroom?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Before you signed it, did you read it?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Before you signed it, did you discuss it

24   with your lawyer?

25         THE DEFENDANT:  Yes, your Honor.

H156wilp

1          THE COURT:  Now, put that plea agreement to one side.

2          Separate and apart from the plea agreement, have any

3 threats or promises been made to you to make you plead guilty?

4          THE DEFENDANT:  No, your Honor.

5          THE COURT:  Separate and apart from the plea

6 agreement, have any understandings or promises been made to you

7 concerning the sentence that you will receive?

8          THE DEFENDANT:  No, your Honor.

9          THE COURT:  Is your plea voluntary, in other words of

10 your own free will?

11          THE DEFENDANT:  Yes, it is, your Honor.

12          THE COURT:  I am going to review some portions of plea

13 agreement with you.  First, do you understand that in

14 consideration of your plea to Count One that you will not be

15 further prosecuted by the U.S. Attorney's Office for related

16 offenses except for possible criminal tax violations?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Do you understand that it is part of your

19 plea agreement to admit the forfeiture allegation with respect

20 to Count One and to forfeit to the United States a sum of money

21 reflecting the proceeds derived from the offense that you

22 committed?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  Do you understand that the plea agreement

25 contains a stipulated guidelines range from 15 to 21 months

H156wilp

1    with an applicable fine range of actually 3,000 to $30,000?

2                    THE DEFENDANT:  Yes, your Honor.

3                    THE COURT:  Do you understand that it is part of the

4    plea agreement that neither an upward nor a downward departure

5    from the stipulated guidelines range is appropriate but that

6    either party can seek a sentence outside of the stipulated

7    guidelines range?

8                    THE DEFENDANT:  Yes, your Honor.

9                    THE COURT:  Do you understand that the government has

10   reserved the right to seek denial of the adjustment for

11   acceptance of responsibility --

12                   THE DEFENDANT:  Yes, your Honor.

13                   THE COURT:  -- if by virtue of your conduct prior to

14   the imposition of sentence you clearly fail to demonstrate

15   acceptance of responsibility?

16                   THE DEFENDANT:  Yes, your Honor.

17                   THE COURT:  Do you understand that the government also

18   reserves the right to seek an enhancement for obstruction of

19   justice if it is determined that you previously engaged in

20   conduct unknown to the government that constitutes obstruction

21   of justice or if you commit another crime after signing this

22   agreement?

23                   THE DEFENDANT:  Yes, your Honor.

24                   THE COURT:  Do you understand that neither the

25   Probation Office or the Court is bound by the guidelines

H156wilp

1    stipulation?

2                THE DEFENDANT:  Yes, your Honor.

3                THE COURT:  And that the sentence to be imposed upon

4    you is determined solely by the Court?

5                THE DEFENDANT:  Yes, your Honor.

6                THE COURT:  Do you understand that you have agreed not

7    to file a direct appeal or a collateral challenge to any

8    sentence within or below the guidelines range?

9                THE DEFENDANT:  Yes, your Honor.

10               THE COURT:  Are you pleading guilty because you are in

11   fact guilty?

12               THE DEFENDANT:  Yes, I am, your Honor.

13               THE COURT:  Do you understand that this plea agreement

14   does not bind any federal, state or local prosecuting authority

15   other than the United States Attorney's Office for the Southern

16   District of New York?

17               THE DEFENDANT:  Yes, your Honor.

18               THE COURT:  Do you understand that this plea agreement

19   takes the place of any prior understanding between you and the

20   U.S. Attorney's Office other than a written proffer agreement

21   and that no modifications of this agreement can be entered into

22   accept in a writing signed by all parties?

23               THE DEFENDANT:  Yes, your Honor.

24               THE COURT:  Mr. Williams, did you commit the offense

25   that you have been charged with?

H156wilp

1          THE DEFENDANT:  Yes, I did, your Honor.

2          THE COURT:  Can you tell me in your own words what you

3     did?

4          THE DEFENDANT:  Yes, your Honor.

5          In 2013 through about November 2014 through, I cashed

6     altered checks and money orders that were falsely made out to

7     me in order to receive money that was not rightfully mine and I

8     know it was wrong.

9          I know this might not be the place to apologize, but

10    it is the first chance -- the first time I get a chance to so I

11    want to say to everyone that I harmed that I am truly sorry and

12    I know this was wrong and I want to say to the Court that I

13    will make restitution.

14         THE COURT:  Where did you cash these checks?

15         THE DEFENDANT:  In New York.

16         THE COURT:  Manhattan?

17         THE DEFENDANT:  Manhattan, yes.

18         THE COURT:  Were these checks state checks or --

19         THE DEFENDANT:  They were money orders, your Honor.

20         THE COURT:  I am not sure that I understand why a

21    money order --

22         THE DEFENDANT:  The money orders were issued by the

23    State of New York, your Honor.

24         THE COURT:  That addresses the question.

25         Mr. Allen, is there anything else you would like me to

H156wilp

1       ask Mr. Williams?

2               MR. ALLEN:  No, your Honor.  I think the allocution is

3       sufficient.  Thank you.

4               THE COURT:  Mr. Williams, do you still wish to plead

5       guilty?

6               THE DEFENDANT:  Yes, I do, your Honor.

7               THE COURT:  Mr. Flood, do you know of any reason why

8       Mr. Williams ought not to plead guilty?

9               THE DEFENDANT:  I do not, your Honor.

10              THE COURT:  Mr. Williams, I am satisfied that you

11      understand the nature of the charge against you and the

12      consequences of your plea and that your plea is made

13      voluntarily and knowingly and that there is a factual basis for

14      it.  Accordingly I will accept your plea of guilty and direct

15      that a presentence report be prepared.

16              By our calculations the presentence report ought to be

17      completed by March 29th.

18              MR. FLOOD:  Can I be heard on dates, your Honor?

19              THE COURT:  Yes.

20              MR. FLOOD:  I happen to have a cluster of sentencing

21      in the first couple weeks of April so if we can look at the

22      week of the 24th if that is not too late for the Court.

23              THE COURT:  That's fine.  I suspect I have nothing on

24      my calendar for April.

25              MR. FLOOD:  I would like Thursday the 22nd if that

H156wilp

1    worked for the Court or the government.  Any time that day is

2    fine.

3              THE COURT:  That's a great day.

4              MR. FLOOD:  Any time is fine.

5              THE COURT:  Why don't we say 3:00.

6              MR. FLOOD:  Very good.

7              THE COURT:  Why don't we also set a schedule for

8    submissions.

9              MR. FLOOD:  Very good.

10             THE COURT:  I assume, Mr. Flood, you go first?

11             MR. FLOOD:  That typically is the practice.

12             THE COURT:  Tell me.

13             MR. FLOOD:  If I could have two weeks before

14   sentencing.  If I can have Thursday the 13th, until the end of

15   the day.

16             THE COURT:  That's great.  If I could get the

17   government's by the following Thursday, the 20th.  I ask that

18   it be filed no later than 4:30.

19             MR. FLOOD:  By 4:30.

20             THE COURT:  I am not concerned about yours.  I am

21   concerned about theirs.

22             MR. FLOOD:  I see.

23             MR. ALLEN:  Will do.  Thank you, Judge.

24             MR. FLOOD:  I will try still to get it in by the close

25   of business.

H156wilp

1          THE COURT:  The question is so that I can walk out of

2     the office with both.

3          MR. FLOOD:  I see.

4          THE COURT:  Anything else?

5          MR. FLOOD:  Yes, your Honor.  If I could be heard

6     briefly, and I have discussed this with the government.

7          Mr. Williams, we're not asking to change his bond

8     conditions.

9          THE COURT:  I don't know what they are.

10          MR. FLOOD:  Let me inform the Court.  When he was

11     presented at the beginning of October, I believe it was on

12     consent that certain conditions were set including three

13     financially responsible people cosigning a bond and location

14     monitoring with GPS at the residence where he stays, which is

15     3629 155th Avenue in Howard Beach.  Sorry, that is where a

16     relative lives.  I am sorry.  We would potentially be seeking

17     to change the location of monitoring pending sentencing,

18     recognizing this is a very important time for Mr. Williams to

19     demonstrate to the Court his ability to adhere to Court orders

20     and location monitoring is a way to demonstrate that but it is

21     also a very restrictive condition.  What we do not have right

22     now is a pretrial report.  So what I would ask the Court today

23     is just for -- or just let the Court know really is that we're

24     going to ask Pretrial to prepare a report and the government

25     and I will review and it based on what that report says either

H156wilp

 1    we'll take no objection or we will come to the Court by way of

 2    a letter seeking to alter Mr. Williams's conditions between now

 3    and April 27th.

 4              THE COURT:  You are asking Pretrial whether they would

 5    object based on his prior performance?

 6              MR. FLOOD:  Right.  Our expectation is that they would

 7    not object because Mr. Williams's experience with GPS has been

 8    more less spotless.  I don't have that for Mr. Allen.  I

 9    anticipate that that is what it will show.  Frankly, we just

10    don't have it ready today.  With that information, we expect

11    early next week we'll come back to the Court with a letter

12    asking the Court to reduce the conditions on Mr. Williams

13    between now and April.

14              THE COURT:  Just remind me of exactly what is location

15    monitoring.

16              MR. FLOOD:  It is an ankle bracelet, GPS, that alerts

17    if he leaves the house basically.

18              THE COURT:  So he is on home detention with -- what I

19    used to call home detention with electronic monitoring?

20              MR. FLOOD:  That's basically correct.

21              THE COURT:  Is he permitted to leave to go to work?

22              MR. FLOOD:  Yes.  We would basically be in the broad

23    sense seeking to give him a degree more liberty between now and

24    April to be able to demonstrate to the Court that he is a

25    worthy candidate for a degree of liberty at sentencing.

H156wilp

1            THE COURT:  So right now he can leave for purposes of

2    medical needs and employment?

3            MR. FLOOD:  Right.  I can say anecdotally my

4    understanding is that he has been very successful in the last

5    three months and change with that degree of restriction.  It is

6    also my understanding that pretrial when someone is successful

7    is happy to have those back.

8            THE COURT:  Thank you.

9            MR. FLOOD:  Thank you.

10                              o0o

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25